IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | DOCKET NO. 3:19-CR-00452-X |
| | § | |
| BRIAN CARPENTER (01) | § | |

**DEFENDANT'S UNOPPOSED MOTION TO SELF-SURRENDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, Brian Carpenter, by and through his undersigned counsel, and respectfully submits this Unopposed Motion to Self-Surrender, and in support thereof would show the Court as follows:

A sentencing hearing as to the Defendant is set for October 30, 2024 at 1:30 p.m. The Defendant respectfully requests that, in the event he receives a sentence including a term of incarceration, that he not be immediately remanded to custody, but that he instead be permitted to self-surrender to his designated BOP facility to begin serving any such sentence on a date certain during the last week of January 2025. The Defendant makes this request for several key reasons. First, this request would allow for the typically lengthy process of the BOP completing the classification and designation process for the Defendant, which will be additionally complicated in this case by the fact that he requires a medical designation. Second, this would permit the Defendant a reasonable amount of time to get his affairs in order, including completing his upcoming scheduled medical appointments and procedures. Third, this would allow the Defendant a reasonable amount of time to make arrangements for the care of his minor daughter, Lindy, and see that she is settled in her new arrangements prior to his reporting to custody. In short, the Defendant seeks this relief merely to permit him to get his affairs in order prior to serving any

custodial sentence which may be imposed and is prepared to submit to any additional conditions of release which the Court may see fit pending self-surrender.

## ARGUMENT

### A. Request to Self-Surrender to Custody

The Defendant requests that, in the event he receives a sentence including a term of BOP incarceration, he not be immediately remanded to custody, but instead permitted to self-surrender on a date certain. Importantly, the Defendant poses no risk of flight and is not a danger to the community, as he has demonstrated over the course of the over five (5) years during which he has been on release pending trial and pending sentencing, without issue. Indeed, courts within this district have twice found "by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released." Electronic Order (Dkt. No. 144); Order Setting Conditions of Release (Dkt. No. 13).

Similarly, the Defendant has diligently complied with all of his conditions of release, both pretrial and post-conviction, for over five (5) years. He has surrendered his passport, which remains in the possession of the United States District Court. *See* Receipt for Surrender of Passport as to Brian Carpenter (Dkt. No. 16). He has not had any encounter or incident with law enforcement. He has appeared at all court proceedings as required and if sentenced to a term of incarceration, would likewise timely report to the designated facility to begin serving any such sentence, as ordered. The Defendant further submits that his U.S. Probation Officer, Ms. Sarah Whitfield, can verify his compliance with all conditions of release to date.

In sum, the Defendant has now been subject to conditions of release since September 18, 2019—***over five (5) years***—without incident. This lengthy record of full compliance, even following his conviction, conclusively establishes that he poses no risk of flight or danger to the

community. As a result, he requests that he be permitted to self-report to custody, if so sentenced, instead of being immediately remanded.

Notably, courts routinely allow defendants the opportunity to self-surrender, as requested herein. For instance, in the Forest Park case, which involved multiple defendants and far more egregious conduct and loss amounts, the Court "conferred with the BOP and the U.S. Marshal Service, advising them of the [] sentencings" and ruled that "[a]bsent violations of release conditions, **Defendants can expect to receive a self-report date to a BOP facility** around thirty days (perhaps a little longer) after their respective sentencing." *United States v. Beauchamp*, No. 3:16-cr-516-JJZ (N.D. Tex. Mar. 3, 2021) (emphasis added). The Defendant respectfully requests that the Court grant him similar relief, which is not only routine, but further is particularly warranted here due to the Defendant's uniquely complex medical conditions (which will undoubtedly require additional time for the BOP to classify the Defendant and issue his placement at an appropriate BOP facility) as well as the additional significant factor of his need to make arrangements for the care of his minor daughter.

**B. Request to Set Self-Surrender Date During the Last Week of January 2025**

In addition, The Defendant requests that he be permitted to self-report at a time and date certain within the last week of January 2025. The Defendant's sentencing is set for October 30, 2024. Such a self-surrender date would thus provide the Defendant with approximately ninety (90) days during which to make arrangements for the care of his minor daughter, as well as to complete as much of his pending medical treatments and appointments as possible prior to entering BOP custody. In addition, it would permit the BOP a reasonable period of time during which to complete the classification and designation process, which will likely take longer than usual in this case, given the complex nature of the Defendant's medical conditions. Moreover, the requested self-

surrender date would be consistent with the length of time prior to self-surrender routinely granted by courts within this district.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, for each of the reasons set forth above, the Defendant respectfully requests that the instant Motion to Self-Surrender be, in all things, GRANTED, and that the Court permit the Defendant, if sentenced to a term of BOP incarceration, not to be immediately remanded to the custody of the United States Marshals, but instead to self-surrender to begin serving any such sentence on a date certain during the last week of January 2025.

Respectfully submitted,

*/s/ Alexandra Hunt*

**DANIEL K. HAGOOD, P.C.**
Texas Bar No. 08698300
Daniel K. Hagood, P.C.
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
214.720.4040 telephone
214.237.0905 facsimile
dhagood@hagoodhunt.com

**ROBERT T. JARVIS**
Texas Bar No. 10586500
Jarvis & Hamilton Law Firm
123 West Houston Street
Sherman, TX 75090
903-892-8500 telephone
903-892-8550 facsimile
bob@jarvishamilton.com

**ALEXANDRA HUNT**
Texas Bar No. 24095711
Daniel K. Hagood, P.C.
3710 Rawlins Street, Suite 1600

Dallas, Texas 75219
214.720.4040 telephone
214.237.0905 facsimile
ahunt@hagoodhunt.com

**COUNSEL FOR DEFENDANT CARPENTER**

### CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the Defendant has conferred with counsel for the Government, DOJ Trial Attorney Brynn Schiess, regarding the foregoing Motion and that she is not opposed to the relief requested herein.

*/s/ Alexandra Hunt*
ALEXANDRA HUNT