IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:19-CR-452-X |
| BRIAN CARPENTER (01) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL

The United States of America (the "government"), by and through the undersigned counsel, files this response to Brian Carpenter's Motion for Release Pending Appeal. (Dkt. 248.) For the reasons set forth below, Defendant has not established that he "raises a substantial question of law or fact" or that if the issues he intends to raise on appeal are determined favorably to him, the decision on those issues "is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987). Because Defendant has not met his burden to establish all four *Williams* factors as to all counts of conviction, his motion should be denied.

I.     FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, a federal Grand Jury returned an indictment charging Defendant Brian Carpenter and codefendant Jerry Hawrylak with one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and six counts of health care fraud, in violation of 18 U.S.C. § 1347. (Dkt. 1.) Both defendants proceeded to trial on April 3, 2023. The evidence against the defendants was substantial. During the eight-day trial, the

government admitted over 180 exhibits and called fifteen witnesses to testify. The evidence established that Brian Carpenter and Jerry Hawrylak agreed with each other and others, including Jerry's nephews Britt Hawrylak and Matt Hawrylak, to generate prescriptions that were used to submit fraudulent claims to TRICARE. After the government rested, both defendants moved for acquittal under Rule 29, which the Court denied after receiving briefing and hearing argument. (Dkt. 126.) The defendants both put on a case. On April 14, 2023, a jury returned a guilty verdict against defendants Brian Carpenter and Jerry Hawrylak on all counts. (Dkt. 131.)

After trial, both defendants again moved for acquittal under Rule 29 and for a new trial under Rule 33, which was denied. (Dkt. 182.) On December 5, 2024, Defendant Carpenter was sentenced to 45 months' imprisonment, one year of supervised release, and ordered to pay $7,096,231 in restitution. (Dkt. 245.) Defendant now moves for release pending his appeal. The motion should be denied.

## II.    LEGAL STANDARD

"A convicted defendant has no constitutional right to bail." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006) (citing *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)). This Circuit has recognized that the Bail Reform Act (codified in 18 U.S.C. § 3143(b)) "establishes a presumption against" the grant of such bail. *Id*.

Under the Bail Reform Act, 18 U.S.C. § 3143(b), a defendant is ineligible for bail pending appeal or a writ of certiorari unless (1) he proves "by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or

the community if released[;]" and (2) his appeal raises "a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). As the Fifth Circuit has explained:

> Thus, the burden is on the defendant to prove by clear and convincing evidence:
>
> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for the purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*Williams*, 822 F.2d at 517 (citing *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985)). The Fifth Circuit defines a "substantial question" as one that "is 'close' or 'that could very well be decided the other way' by the appellate court." *United States v. Clark*, 917 F.2d 177, 180 (5th Cir. 1990) (quoting *Valera-Elizondo*, 761 F.2d at 1024); *accord United States v. O'Keefe*, 169 F.3d 281 (5th Cir. 1999) (quoting *Valera-Elizondo*, 761 F.2d at 1024).

A defendant who does not satisfy all four of the *Williams* prongs does not qualify for bond pending appeal. *E.g.*, *Clark*, 917 F.2d at 179. Further, "[t]he defendant must establish the § 3143(b) factors with respect to all the counts for which imprisonment was

**United States' Response to Defendant's Motion for Release Pending Appeal—Page 3**

imposed." *United States v. Lucas*, No. 1:04-cr-60, 2008 WL 11502039, at *1 (S.D. Miss. July 30, 2008) (citing *Morison v. United States*, 486 U.S. 1306 (1988); *United States v. O'Keefe*, 169 F.3d 281, 290 (5th Cir. 1999); *Valera-Elizondo*, 761 F.2d at 1023; *United States v. Miller*, 753 F.2d 19, 23 (3rd Cir. 1985)); *accord United States v. Skilling*, No. CRIM H-04-025-02, 2006 WL 3030721, at *2 (S.D. Tex. Oct. 23, 2006) (citing *Valera-Elizondo*, 761 F.2d at 1023; *Morison*, 486 U.S. 1306; *United States v. Bilanzich*, 771 F.2d 292, 298 & n. 6 (7th Cir. 1985)).

The Fifth Circuit and district courts within the Circuit routinely deny motions for release pending appeal in health care fraud and other similar white-collar cases for failure to establish one or more prongs of the *Williams* test. *See, e.g.*, *Clark*, 917 F.2d at 181 (false statements); *United States v. Hall*, No. 3:18-cr-623-S, Dkts. 1267 & 1326 (N.D. Tex. June 24 & Aug. 20, 2024) (Scholer, J.) (health care kickbacks and money laundering); *United States v. Rao*, No. 3:19-cr-507-L, Dkt. 224 (N.D. Tex. August 11, 2023) (Lindsay, J.) (health care fraud); *United States v. King*, No. 4:18-cr-345, Dkt. No. 395 (S.D. Tex. Jan. 6, 2023) (health care kickbacks); *United States v. Xie*, No. CR 17-92-JWD-EWD, 2019 WL 982855, at *6 (M.D. La. Feb. 28, 2019) (health care fraud); *United States v. Calmes*, No. CR 11-150, 2013 WL 12092235, at *3 (M.D. La. Jan. 30, 2013) (money-laundering and financial-reporting offenses); *United States v. Abdallah*, No. CRIM.A. H-07-155, 2009 WL 1918401 (S.D. Tex. July 1, 2009) (health care fraud); *United States v. Grant*, No. CRIM.A. H-09-424-3, 2011 WL 923510, at *4 (S.D. Tex. Mar. 15, 2011) (health care fraud).

### III.  ARGUMENT

Defendant has not, and cannot, establish by clear and convincing evidence that the issues he intends to raise on appeal constitute substantial questions of law or fact that are likely to result in reversal or an order for a new trial. All of the issues Defendant raises in his motion were previously considered and rejected by this Court.  (Dkt. 182, Order Denying Motions for Acquittal and New Trial.)  For reasons comprehensively outlined in the government's response to that motion (Dkt. 170), incorporated by reference, the challenges Defendant raises again here fail to raise a substantial question or law or fact. Indeed, for most of the issues raised, even if error was assumed, that error would be harmless in light of the overwhelming evidence of Defendant's guilt that was admitted at trial and considered by the jury in rendering the verdicts of guilty on all counts.  Simply put, Defendant cannot meet the third or fourth prongs of the *Williams* test.  The motion should be denied in its entirety without a hearing.

The case law strongly supports denial of the motions. For example, in *Rao*, defendant was denied release pending appeal in a health care fraud prosecution on the grounds that the appeal did not raise a substantial question of law or fact. No. 3:19-cr-507-L, Dkt. 224 at 2–3. As is the case here, the government did not contest that defendant was unlikely to flee or pose a danger to society, and that his appeal was not for the purposes of delay. *Id*. Nevertheless, the court made clear, in considering that the "[defendant] admitted throughout his Motion that [the] purportedly substantial issues of law have been brought before this court and considered at length," that the issues raised on appeal did not present

**United States' Response to Defendant's Motion for Release Pending Appeal—Page 5**

a "substantial issue of law or fact on appeal" and "put another way," were not ones "that could very well be decided that other way[.]" *Id.* at 3 (internal quotations omitted). Indeed, the Fifth Circuit recently affirmed Rao's conviction and sentence. *United States v. Rao*, No. 23-10670 (5th Cir. Dec. 9, 2024).

And in *Abdallah*, for example, the district court denied the defendants' requests for release pending appeal in a health care fraud prosecution because the appeal did not raise a substantial question of law or fact that was likely to result in reversal. 2009 WL 1918401, at *8. The parties agreed that the defendants would not be a risk of flight if released pending appeal, would not pose a danger to the safety of the community, and were not pursuing the appeal solely for the purpose of delay. *Id.* at *2. In denying the motions, the district court reasoned that, "[t]he standard in the Fifth Circuit is whether the issue presents a close question or one that very well could be decided either way, not whether reasonable jurists would find it fairly debatable." *Id.* at *3 (internal citations omitted). Similarly, "[t]he fact that there is no controlling precedent on [a] question does not make it a substantial issue." Id. at *6; *see also, e.g., Hall*, Order Denying Motion for Bond Pending Appeal, No. 3:18-cr-623-S, Dkt. 1267.

The motions merely repeat the same arguments raised in Defendant's motion for judgment of acquittal and new trial, "none [of which] have merit," (Dkt. 182 at 2), let alone present a close question of law or fact that is likely to result in a reversal. Accordingly, release on bond pending appeal is not warranted.

**United States' Response to Defendant's Motion for Release Pending Appeal—Page 6**

## IV.   CONCLUSION

For the foregoing reasons, this Court should deny Defendant's Motion for Release Pending Appeal.

    Respectfully submitted,

    LEIGHA SIMONTON
    UNITED STATES ATTORNEY

    GLENN S. LEON, CHIEF
    U.S. DEPARTMENT OF JUSTICE
    FRAUD SECTION, CRIMINAL DIVISION

    */s/ Brynn A. Schiess*
    Brynn Schiess, Assistant Chief
    Fraud Section, Criminal Division
    U.S. Department of Justice
    1100 Commerce Street, 3rd Floor
    Dallas, TX 75242
    Phone: (202) 374-3484
    Brynn.Schiess@usdoj.gov